**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-10-288-2-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jessica Marie Rayonez, | ) | |
| Defendant. | ) | |

This case arises on Defendant's Motion for Temporary Release of Defendant, filed on July 1, 2010. (docket # 35) Defendant requests a "temporary release for (sic) the Bureau of Prisons ["BOP"] so that she may see her father prior to his death. Ms. Rayonez' father is terminally ill and has been requesting to see his daughter one more time before he dies." Because the Court lacks the authority to grant Defendant's Motion and will deny the Motion, the Court will not request a response from the Government.

The record reflects that Defendant was committed to the custody of BOP on April 27, 2010 for a term of ninety (90) days upon her March 24, 2010 plea of guilty to the crime of Aiding an Alien to Elude Examination and Inspection, a Class B misdemeanor. (docket ## 29, 31) The criminal Judgment was entered on April 29, 2010. (docket # 33)

"A district court has the authority to modify a valid sentence only when such authority is expressly authorized by statute." *Crawford v. Woodring*, 2009 WL 6575082, * 5 (C.D.Cal. 2009) (citing, e.g. *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000);

*United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). "Section 3582(c) of Title 18 of the United States Code provides that 'the court may not modify a term of imprisonment once it has been imposed' unless the case fits within one of the following three exceptions: (1) if the Director of the BOP moves for a reduction in the term of imprisonment (a) due to extraordinary and compelling reasons, or (b) because the defendant is at least 70 years old, has served at least 30 years in prison and is no longer a danger to the safety of the community; (2) if Rule 35 of the Federal Rules of Criminal Procedure permits modification of the sentence; or (3) if the defendant has been sentenced to a term of imprisonment based on a range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)." *Id*.

Defendant's request for early or temporary release falls under the first exception, 18 U.S.C. § 3582(c)(1) (A), which is called the "compassionate release" provision. A district court may not reduce a sentence pursuant to this provision unless the Director of the BOP files a motion for such a reduction. *Id*. Because such a motion has not been filed, the Court lacks authority to modify Defendant's sentence under § 3582(c). *Id*. (citing *Slate v. United States*, 2009 WL 1073640, at *3 (S.D.W.Va.) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."); *Overstreet v. Francis*, 2008 WL 644766, at *2 (N.D.W.Va. March 6, 2008) ("[I]n the absence of a motion by the BOP, this Court lacks authority to grant a compassionate release on the basis of the petitioner's asserted medical conditions.").

Without the approval of the district court, however, BOP has the express statutory authority to release a prisoner from imprisonment to "visit[ ] a relative who is dying" for a limited period provided certain conditions exist. 18 U.S.C. § 3622 ("The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period . . . if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to . . . visit[ ] a relative who is dying . . . attend[ ] a funeral of a relative . . . [or] establish[ ] or reestablish[ ] family or community

ties."). Also see, *United States v. de la Luz Romero*, 165 F.3d 36, 1 (9th Cir. 1998); *United States v. Corozzo*, 256 F.R.D. 398, 402 (E.D.N.Y. 2009).

Accordingly,

**IT IS ORDERED** that Motion for Temporary Release of Defendant, docket # 35, is **DENIED**.

Dated this 6th day of July, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge